UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ZAVALA,<br><br>           Plaintiff,<br><br>     v.<br><br>TRANS UNION, LLC, et al.,<br><br>           Defendants. | No. 2:20-cv-02276-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and M&T Bank's (collectively, "Defendants") Motion for Judgment on the Pleadings. (ECF No. 18.) Plaintiff Omar Zavala ("Plaintiff") filed an opposition (ECF No. 20), and Defendants replied (ECF No. 24). For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///
///

1

**I.     FACTUAL AND PROCEDURAL BACKGROUND**[1]

This matter arises from Plaintiff's dispute over the reporting accuracy of his loan account balances. (ECF No. 1 at 4–6.) Plaintiff alleges he had a mortgage loan with M&T Bank. (*Id.* at 3.) Plaintiff alleges he eliminated the debt from this account, bringing the current account balance to $0, on August 14, 2018. (*Id.*) Plaintiff further alleges that despite fully eliminating the debt from his account an August 14, 2018, M&T Bank "continued to report an erroneous pay status of Account 120 Days Past Due Date" as of November 17, 2018. (*Id.* at 3–4.)

Plaintiff also alleges he had debt from student loans on Fedloan accounts. (*Id.* at 4.) Plaintiff alleges he eliminated the debt from the Fedloan accounts, bringing the current account balances to $0, on October 12, 2015. (*Id.*) Plaintiff similarly alleges that despite bringing the account balances to $0, Fedloan "continued to report an erroneous pay status of Account 120 Days Past Due Date" as of November 17, 2018. (*Id.*)

Plaintiff alleges on November 15, 2018, Equifax reported Plaintiff's Fedloan accounts and M&T Bank account with a current Pay Status as "Account 120 Days Past Due Date" even though Plaintiff eliminated the debt on these accounts on October 12, 2015, and August 14, 2018, respectively. (*Id.* at 5.) Plaintiff similarly alleges on November 17, 2018, Trans Union reported Plaintiff's Fedloan accounts and M&T Bank account with a current Pay Status as "Account 120 Days Past Due Date" even though Plaintiff eliminated the debt on these accounts on October 12, 2015, and August 14, 2018, and respectively. (*Id.*) Plaintiff alleges the "M&T Bank and Fedloan accounts [are] false on the face of the credit report" and that the report is misleading because it makes it seem like Plaintiff is still late on paying these closed accounts. (*Id.*)

Plaintiff alleges he acted pursuant to 15 U.S.C § 1681 (the Fair Credit Reporting Act ("FCRA")) and mailed separate detailed dispute letters to Trans Union and Equifax on October 16, 2018. (*Id.* at 5–6.) Plaintiff alleges in his letters he disputed the erroneous current pay status of "Over 120 Days Past Due" that M&T Bank and Fedloan reported to Trans Union and Equifax.

---

[1] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. (ECF No. 1.)

(*Id.*)  In response to Plaintiff's dispute, Plaintiff alleges Trans Union and Equifax sent Automated Credit Dispute Verifications ("ACDV") to M&T Bank and Fedloan to "alert them of Plaintiff's dispute and give them the opportunity to investigate Plaintiff's dispute and correct or delete any incorrect data they were reporting."  (*Id.* at 6–7.)  Plaintiff alleges both M&T Bank and Fedloan incorrectly verified the pay statuses as accurate to both Trans Union and Equifax, which caused Trans Union and Equifax to continue to report inaccurate pay status of "Pay Status: Over 120 Days Past Due" on Plaintiff's accounts.  (*Id.* at 6–7.)  Plaintiff alleges Trans Union and Equifax did not conduct a good faith investigation into the Plaintiff's account statuses on their own and merely "parrot[ed] data from M&T Bank and Fedloan in their investigation[s]."  (*Id.* at 8–9.)

Plaintiff further alleges current and potential credit grantors and lenders viewed the credit information and reports which TransUnion and Equifax compiled.  (*Id.* at 9.)  Plaintiff alleges the inaccurate information that M&T Bank and Fedloan furnished and Trans Union and Equifax reported is damaging Plaintiff's "credit rating" and "credit reputation."  (*Id.* at 10.)

Plaintiff filed the complaint on November 13, 2020, seeking actual, statutory, and punitive damages against the Defendants for allegedly violating the FCRA.  (ECF No. 1.)  Defendants filed the instant motion for judgment on the pleadings on April 28, 2021.  (ECF No. 18.)

**II.     STANDARD OF LAW**

Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The issue presented by a Rule 12(c) motion is substantially the same as that posed in a Rule 12(b)(6) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief.  *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011).  Thus, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a Rule 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party."

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  However, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose* (*Chunie*), 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings is not appropriate and "such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d).  A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).

### III.    ANALYSIS

Plaintiff alleges Trans Union and Equifax violated §§ 1681e(b) and 1681i(a) of the FCRA by failing to "conduct good faith investigations into Plaintiff's notice[s] of dispute" and failing to follow "reasonable procedures to assure maximum possible accuracy" of their credit reports. (ECF No. 1 at 12, 17–18, 23.)  Plaintiff also alleges M&T Bank violated § 1681s-2(b) of the FCRA by failing "to conduct a reasonable and good faith investigation into Plaintiff's notice of inaccurate reporting through a dispute letter, sent via Trans Union and Equifax, and by failing to delete or correct the inaccurate information."  (ECF No. 1 at 24–25.)  Defendants move for judgment on the pleadings arguing they cannot be held liable for reporting accurate information and Plaintiff's allegations regarding damages are conclusory.  (ECF No. 18-1 at 5, 7, 14.)  Because the Court finds Plaintiff has not adequately alleged damages, the Court need not and does not rule on Defendants' remaining arguments.

A.     Damages

Defendants argue Plaintiff inadequately pleaded the damages element of their case.  (ECF No. 18-1 at 14.)  Defendants contend Plaintiff failed to plead "the required facts showing that Plaintiff suffered any harm as a result" of Defendants' furnishing credit information and reporting accounts and Plaintiff is not entitled to statutory or punitive damages because Plaintiff failed to plead facts showing Defendants' willful noncompliance with the FCRA.  (*Id*. at 15.)  Defendants further contend Plaintiff's Complaint pleaded "impermissible boilerplate allegations."  (*Id.* at 14.)  In opposition, Plaintiff argues he has met the pleading standards under Rules 8 and 12 and has "set forth facts regarding [D]efendants' actions and inactions in this case which, if true, would entitle Plaintiff to relief."  (ECF No. 20 at 20.)  Plaintiff further argues "all FCRA claims stated, including willfulness, have been properly and well plead[ed]."  (*Id.*)  Plaintiff also requests leave to amend the Complaint to cure any deficiencies if the Court grants Defendants' motion.  (*Id.*)

A plaintiff "can assert a private cause of action for willful and/or negligent noncompliance with the FCRA" under 15 U.S.C. §§ 1681n and1681o.  *Taylor v. First Advantage Background Servs. Corp*, 207 F. Supp. 3d 1095, 1101 (N.D. Cal. 2016).  "A negligent violation entitles a consumer to actual damages, [under] § 1681o(a), and a willful one entitles the consumer to actual, statutory, and even punitive damages, [under] § 1681n(a)."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 47 (2007).  The Court will address Plaintiff's allegations first as to actual damages and then as to statutory and punitive damages.

i.     *Actual Damages*

"Plaintiffs who fail to allege or prove actual damages have no standing to sue under 15 U.S.C. § 1681o."  *Chavez v. Premier Bankcard, LLC*, No. 1:11-CV-01101 LJO, 2011 WL 5417107, at *4 (E.D. Cal. Nov. 8, 2011).  A plaintiff cannot obtain actual damages under the FCRA without showing a "causal relationship between the violation of the statute and some harm."  *Id.*; *see also Syed v. M-I, LLC*, 853 F.3d 492, 498 (9th Cir. 2017).

Plaintiff alleges "[a]s a result of Defendants' conduct, [he] has suffered actual damages all to [his] great detriment and loss."  (ECF No. 1 at 10.)  Plaintiff makes the same allegation separately against each Defendant, that he suffered "actual harm due to [Defendant] still reporting

5

the negative tradeline" provided by M&T Bank/Fedloan following Plaintiff's dispute letter.[2] (*Id.* at 18, 24, 27.) Plaintiff further alleges he "has suffered great physical, emotional and mental pain and anguish, all to [his] great detriment and loss." (ECF No. 1 at 10.) Plaintiff's vague and conclusory allegations are insufficient to state a claim for damages.

Similarly, Plaintiff makes only conclusory allegations about injury to his creditworthiness. Plaintiff alleges "current and potential credit grantors and extenders of credit" viewed the credit reports the Defendants produced and that the reports are "continuing to damage the Plaintiff's credit rating as well as their credit reputation." (*Id.* at 10.) Plaintiff's allegations are insufficient because he has not alleged any instance where he suffered harm from a past or imminent transaction. *See Gadomski v. Patelco Credit Union*, No. 2:17-CV-00695-TLN-AC, 2022 WL 223878, at *5 (E.D. Cal. Jan. 25, 2022) (finding plaintiff did not have standing based on inaccurate credit reports "absent facts alleging a concrete harm stemming from a past or imminent transaction").

For these reasons, the Court concludes the Complaint lacks sufficient factual allegations regarding actual damages to state a claim. *Chavez*, 2011 WL 5417107 at *4.

### ii.     *Statutory and Punitive Damages*

Under the FCRA, a plaintiff may only seek statutory and punitive damages from a defendant who willfully violates the FCRA. 15 U.S.C. § 1681n. "Willful conduct includes knowing violations and actions in 'reckless disregard of a requirement' of the FCRA. Reckless conduct is conduct that encompasses 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Avetisyan v. Equifax Info. Servs. LLC*, No. CV 14-00161-AB (ASX), 2015 WL 12656951, at *12 (C.D. Cal. Mar. 25, 2015) (citation omitted).

Here, Plaintiff alleges Defendants "willfully" violated the FCRA by reporting inaccurate credit information for Plaintiff. (ECF No. 1 at 12–14.) Plaintiff further alleges Defendants

---

[2] Plaintiff sites to Exhibit A (ECF No. 1-1) in his allegations of actual damages against each Defendant. (ECF No. 1 at 18, 24, 27.) The Court viewed Exhibit A, which was an 89-page long receipt of expenses for a room at an Extended Stay America over the course of two years. At this time, the Plaintiff has not made it apparent to the Court how this document is relevant. The Plaintiff should address this in his amended complaint.

willfully violated the FCRA because they did not conduct good faith investigations into Plaintiff's disputes, merely "parroted data from an ACDV," and knew or should have known the information they were reporting was incorrect. (*Id.* at 7, 12–13, 20, 25.) These allegations are conclusory and do not state sufficient facts to show Plaintiff is entitled to statutory or punitive damages. *See Galea v. Wells Fargo Bank, N.A.*, 388 F. Supp. 3d 1212, 1218 (E.D. Cal. 2019) (finding plaintiff's allegations that defendant had "a policy of simply parroting whatever information [was] provided by furnishers rather than conducting a reasonable investigation" were conclusory and insufficient to survive defendant's motion to dismiss).

In sum, Plaintiff fails to adequately allege damages, which is an element of his FCRA claim. *Chavez*, 2011 WL 5417107 at *4. Accordingly, the Court GRANTS Defendants' motion and DISMISSES the claim.

### B.  Leave to Amend

Defendants argue the Court should dismiss Plaintiff's claims with prejudice because amendment would be futile. (ECF No. 18-1 at 16.) Defendants further argue "the controlling case law and facts would not change and there is no way that Plaintiff could manipulate the existing facts to state a claim under the FCRA" because "Plaintiff cannot plead the prima facie element of an inaccuracy in Defendants' reporting." (*Id.*) The Court disagrees.

"The standard for granting leave to amend is generous." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)). A court should grant leave to amend when it can "conceive of facts" that would render the plaintiff's claim viable. *Id.*

The Ninth Circuit has yet to rule on the issue of what constitutes incorrect or misleading information on a credit report. In their briefing on the instant motion, the parties reference various district court cases throughout the country that are split in their holdings on whether they consider similar information on credit reports to be inaccurate or misleading. Defendant references multiple district court cases which hold that courts should view credit reports in the report's entirety, and in doing so, find that credit reports which report a historical pay status are not "inaccurate or misleading." *See, e.g.*, *Duren v. TransUnion, LLC,* No. 1:20-CV-02146-CL, 2021

WL 3463896 (D. Or. May 14, 2021), *report and recommendation adopted,* No. 1:20-CV-02146-CL, 2021 WL 3574870 (D. Or. Aug. 12, 2021); *Bibbs v. Trans Union, LLC*, 521 F. Supp. 3d 569, 571 (E.D. Pa. 2021). In contrast, Plaintiff cites cases that hold the issue of whether a credit report contains inaccurate or misleading information is a question of which the jury should decide. *See, e.g.*, *Soler v. Trans Union, LLC,* No. CV208459DSFPLAX, 2020 WL 7237256 (C.D. Cal. Dec. 1, 2020); *Macik v. JPMorgan Chase Bank, N.A.*, No. CV G-14-044, 2015 WL 12999728 (S.D. Tex. May 28, 2015), *report and recommendation adopted sub nom. Macik v. Trans Union, LLC*, No. 3:14-CV-0044, 2015 WL 12999727 (S.D. Tex. July 31, 2015).

    *Bibbs v. Trans Union* is illustrative of the split among district courts. In *Bibbs*, the plaintiff "sued Trans Union under the [FCRA] for inaccurately reporting her Pay Status with creditor Navient as 120 days past due even though Navient closed and transferred her account resulting in zero-dollar balance owed to Navient upon transfer." 521 F. Supp. 3d at 573. The *Bibbs* court reviewed the credit report in its entirety from the perspective of a creditor and held the "reported information [was] neither inaccurate nor misleading." *Id.* at 574–75. The court reasoned the sections on the credit report that indicate the "Date Closed, the Balance, and the Remarks, all unequivocally confirm the account is closed with a zero-dollar balance" so a reasonable creditor would not mistakenly believe plaintiff currently owed past due payments on the account. *Id.* at 579–80. The court granted defendant's motion for judgment on the pleadings as the information the defendant reported about plaintiff's debt was accurate and would not mislead a creditor. *Id.* at 580.

    However, the *Bibbs* court also recognized there were competing views among district courts regarding whether technically correct information on a credit report was misleading to creditors. *Id.* at 576–578. Two cases where district courts found similar credit reports were misleading, and which the *Bibbs* court distinguished itself against, were *Soler* and *Macik*. *Id.* at 580. The court reasoned its case was highly distinguishable from *Soler* and *Macik* because

> In *Soler*, the consumer alleged she "fully satisfied" her disputed account as of December 8, 2015 and thus the report could not be accurate. Similarly in *Macik*, the consumer fully paid off her mortgage. [Plaintiff] does not allege she paid or satisfied her accounts as of the transfer and close of her Navient account. She

8

concedes owing Navient payments for over 120 days when Navient transferred her debt and closed her account with a zero balance.

*Id.*

Here, Plaintiff's complaint alleges he "eliminated" the debt from his M&T Bank account and Fedloan accounts, but it does not specify if the accounts were transferred to another creditor or paid in full. (ECF No. 1 at 3–4.) In opposition, Plaintiff states "Plaintiff's M & T Account was paid in full on 08/14/2018, which brought the account current with a $0 balance. The debt with M & T was a mortgage and was paid in full when the house was sold." (ECF No. 20 at 8.) This change in facts would seemingly analogize part of Plaintiff's case closely with *Soler* and *Macik* and distinguish the instant case from *Bibbs*. However, the Court cannot consider the facts in Plaintiff's opposition because, in a Rule 12(c) motion, the court can only consider "the facts contained in the four corners of the complaint." *Egelhoff v. Pac. Lightwave*, No. CV1204745RGKDTBX, 2013 WL 12132025, at *2 (C.D. Cal. June 14, 2013) (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys. Inc.*, 637 F.3d 1047, 1053 (2011)).

Accordingly, the Court will grant Plaintiff leave to amend his complaint to allege facts that he fully satisfied his loans. *See Cassity v. TransUnion, LLC*, No. 6:20-CV-02139-MK, 2021 WL 4166340, at *5 (D. Or. July 26, 2021), *report and recommendation adopted*, No. 6:20-CV-02139-MK, 2021 WL 4166323 (D. Or. Sept. 13, 2021) ("Out of an abundance of caution, the Court will allow Plaintiff another opportunity to demonstrate she 'fully satisfied' her account and was no longer 180 days past due."); *see also Bibbs*, 521 F. Supp. 3d at 580.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion for Judgment on the Pleadings (ECF No. 18) with leave to amend. Plaintiff may file an amended complaint within thirty (30) days of the electronic filing date of this Order. Defendants shall file a responsive pleading within twenty-one (21) days of the filing date of the amended complaint.

//

//

//

1       IT IS SO ORDERED.

2 DATED: March 21, 2022

                                   Troy L. Nunley
                                   United States District Judge