UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ZAVALA,<br><br>   Plaintiff,<br><br>   v.<br><br>TRANS UNION, LLC, et al.,<br><br>   Defendants. | No.  2:20-cv-02276-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendants Trans Union, LLC's ("Trans Union"), Equifax Information Services, LLC's ("Equifax"), and M&T Bank's (collectively, "Defendants") Motion for Judgment on the Pleadings.  (ECF No. 51.)  Plaintiff Omar Zavala ("Plaintiff") filed an opposition.  (ECF No. 53.)  Defendants filed a reply.  (ECF No. 55.)  For the reasons set forth below, the Court hereby GRANTS Defendants' motion.

///
///
///
///
///
///
///

1

# I. Factual and Procedural Background

This matter arises from Plaintiff's dispute over how Trans Union and Equifax reported the balance for his mortgage loan account with M&T Bank ("M&T loan"). (EFC No. 47 at 3–9.) Plaintiff alleges he paid off the M&T loan in full on August 14, 2018, but Defendants "continued to inaccurately report the account as 'Account 120 Past Due Date.'" (ECF No. 47 at 3, 14.)

When Plaintiff "discover[ed]" the account was "inaccurately reporting the fully paid off account as 'Over 120 Days Past Due Date,'" Plaintiff alleges he acted pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and mailed separate detailed dispute letters to Defendants. (ECF No. 47 at 3–7.) These letters stated the M&T loan was not past due and M&T erroneously reported this past due status to Trans Union and Equifax. (*Id.*)

Plaintiff alleges Trans Union and Equifax then sent Automated Credit Dispute Verifications to M&T Bank which placed "M&T Bank on notice that they were reporting an inaccurate current payment status on Plaintiff's account." (*Id.* at 14.) In turn, Plaintiff alleges M&T Bank incorrectly verified the pay status as accurate to both Trans Union and Equifax, causing Trans Union and Equifax to continue inaccurately reporting the pay status as "120 Days Past Due." (*Id.* at 8.) Plaintiff also alleges Defendants sent consumer disclosures that alerted him to other inaccurate information being reported, such as Trans Union and Equifax's payment history grids failing to credit Plaintiff's August 14, 2018 payment. (*Id.* at 5, 7.)

Plaintiff filed the operative First Amended Complaint ("FAC") on April 20, 2022. (ECF No. 47.) In short, Plaintiff alleges Defendants negligently and willfully violated § 1681e(b) (reasonable reporting procedures) and § 1681i (reasonable reinvestigation procedures) of the FCRA. (*Id.*) Defendants filed the instant motion for judgment on the pleadings on December 15, 2022. (ECF No. 51.)

# II. Standard of Law

Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a Rule 12(b)(6) motion — whether the factual allegations of the complaint, together with

2

1  all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4*

2  *Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011).  Thus, "[a] claim has facial plausibility when the

3  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

6        In analyzing a Rule 12(c) motion, the district court "must accept all factual allegations in

7  the complaint as true and construe them in the light most favorable to the non-moving party."

8  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  However, a court "need not assume the

9  truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v.*

10  *Ringrose (Chunie)*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  "A judgment on the pleadings is

11  properly granted when, taking all the allegations in the non-moving party's pleadings as true, the

12  moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d

13  676, 681 (9th Cir. 2010) (citations omitted).

14        If the Court "goes beyond the pleadings to resolve an issue," a judgment on the pleadings

15  is not appropriate and "such a proceeding must properly be treated as a motion for summary

16  judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.

17  1989); Fed. R. Civ. P. 12(d).  A district court may, however "consider certain materials —

18  documents attached to the complaint, documents incorporated by reference in the complaint, or

19  matters of judicial notice — without converting the motion . . . into a motion for summary

20  judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Courts have discretion in

21  appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal

22  of the action instead of entry of judgment. *See Lonberg v. City of Riverside*, 300 F. Supp. 2d 942,

23  945 (C.D. Cal. 2004).

24       **III.**    **ANALYSIS**

25        In moving for judgment on the pleadings, Defendants argue they cannot be held liable for

26  reporting accurate information, i.e., that Plaintiff's M&T Bank account ("account") was "120

27  Days Past Due" at the time it was closed with a $0 balance in August 2018.  (ECF No. 51-1 at 4.)

28  In opposition, Plaintiff contends the Court already ruled on this issue by stating in a prior order

1  that this case is "seemingly" analogous to *Soler* and *Macik*, wherein courts found similar reports
2  could be inaccurate and misleading. (ECF No. 53 at 3 (citing *Soler v. Trans Union, LLC*, No. CV
3  20-8459 DSF (PLAx), 2020 WL 7237256 (C.D. Cal. Dec. 1, 2020); *Macik v. JPMorgan Chase*
4  *Bank, N.A., et al.*, No. G-14-044, 2015 WL 12999728 (S.D. Tex. May 28, 2015)).)

5  To state a claim pursuant to the FCRA, a plaintiff must show an inaccuracy in their credit
6  report. *Gadomski v. Patelco Credit Union*, No. 2:17-cv-00695-TLN-AC, 2020 WL 1433138, at
7  *3 (E.D. Cal. Mar. 24, 2020). "The Ninth Circuit has adopted the 'patently incorrect or
8  materially misleading' standard to assess whether a credit report is inaccurate." *Soler*, 2020 WL
9  7237256, at *2 (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir.
10 2010)). To evaluate whether an account is patently incorrect or materially misleading under the
11 FCRA, courts look to the reporting of the account in its entirety, rather than an isolated field. *See*
12 *Sanchez v. JPMorgan Chase Bank NA*, 643 F. Supp. 3d 1025, 1033 (D. Ariz. 2022) (collecting
13 cases supporting the contention that "the Court must view the report as a whole" to determine
14 whether it is inaccurate or misleading).

15 At the outset, Plaintiff is incorrect in asserting the Court already ruled on this issue. In
16 granting Defendants' prior motion for judgment on the pleadings, the Court dismissed the original
17 complaint based solely on the issue of damages. (ECF No. 45 at 7.) The Court only briefly
18 discussed the accuracy of the credit reports in determining whether to grant leave to amend. (*Id.*
19 at 7–9.) The Court mentioned *Soler* and *Macik* merely to note a potential distinction between
20 cases where a balance had been transferred rather than paid in full. (*Id.*) Based on the arguments
21 before the Court at the time, the Court could not say amendment would be futile and thus granted
22 Plaintiff leave to amend. (*Id.* at 9.)

23 Since the Court's prior order, there have been further developments in the relevant case
24 law on this issue. While there is no Ninth Circuit authority directly on point, the Third and
25 Seventh Circuits have held that credit reports showing a "Past Due" account status is not
26 inaccurate or misleading as a matter of law when the account is also indicated as being "closed"
27 with a $0 balance. *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 343–44 (3d Cir. 2022); *Frazier*
28 *v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 777–78 (7th Cir. 2023). Most notably, the Third

Circuit recently affirmed a district court's grant of a defendant's motion for judgment on the pleadings in a similar case, effectively holding there is no distinction between cases where balances were paid in full versus transferred.  *See Ostrander v. Trans Union, LLC*, No. CV 21-2443 (3d Cir. 2023) (affirming the district court's holding that reporting a past due status on a paid and closed account with a $0 balance is neither inaccurate nor misleading as a matter of law); *see also Gibbs v. Trans Union, LLC*, 2021 WL 4439546, *3 (E.D. Pa. Sept. 28, 2021) (noting that accounts closed due to transfer or closed and paid is "a distinction without a difference").

In the instant case, Plaintiff alleges his credit reports show the account balance as $0 and the investigation reports attached to the FAC further indicate the credit reports show the account as "closed."[1]  (ECF 47-1 at 2; No. 47-2 at 5 (indicating the account was "closed"); ECF No. 47-3 at 2; ECF No. 47-4 at 2 (indicating the account was "paid and closed.")  Following the persuasive authority discussed above, the Court finds no reasonable creditor would interpret the pay status marked as "120 Days Past Due" as being reflective of the account's *current* status.  *See also Frazier v. Dovenmuehle Mortg., Inc.*, CV C 6721, 2022 WL 3445801, at *2 (N.D. Ill. Aug. 17, 2022), *aff'd*, 72 F.4th 769 (7th Cir. 2023) ("No reasonable person could construe a 'closed,' 'paid in full' loan with '$0' due as being *currently* delinquent.") (emphasis in original); *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, 512 F. Supp. 3d 423, 427 (E.D.N.Y. 2021) ("An account with a $0 balance cannot currently be past due[.]"); *see also Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020) ("[T]he fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading.").

Plaintiff argues the investigation reports reveal other inaccuracies.  (ECF No. 53.)  For example, the Trans Union report includes a payment history grid that ends on 07/2018 and does

---

[1] The Court considers Plaintiff's attachments to the FAC, which includes his dispute letters and the investigation reports.  Despite presumably having access to his full credit reports, Plaintiff inexplicably did not attach those reports to FAC.  However, to the extent those reports are consistent with the representations in the dispute letters and investigation reports, there is no indication the full credit reports would change the Court's determination.

1    not reflect his payment made in 08/2018 which closed the account. (ECF No. 47-2 at 5.) In
2    addition, the Equifax report includes a discrepancy between whether the account is 120 days past
3    due or 180 days past due and includes a "scheduled payment amount" of $30. (ECF No. 47-4 at
4    2.) The Court finds these details do not make the reports inaccurate or misleading based on the
5    other clear indicators within the reports that the balance is $0, the account is closed, and there are
6    no future payments scheduled. *See Ostrander v. Trans Union LLC*, No. CV 20-5227, 2021 WL
7    3271168, at *8 (E.D. Pa. July 30, 2021) ("[W]hen read in conjunction with the other trade lines,
8    no reasonable creditor would understand the monthly payment notation to indicate a current
9    payment obligation."); *see also Boyer v. TransUnion, LLC*, No. 3:21-cv-00918 (KAD), 2023 WL
10   1434005, at *3 (D. Conn. Feb. 1, 2023) ("Plaintiff's credit report is only susceptible to one
11   reasonable interpretation: that the 'Pay Status' field of the report is a historical reference.").

12          Because the Court finds that Plaintiff has failed to establish there was an inaccuracy in his
13   credit report, the Court need not rule on Defendant's remaining arguments regarding Defendants'
14   investigation into the accuracy of Plaintiff's credit report. *See Gross v. CitiMortgage, Inc.*, 33
15   F.4th 1246, 1251 (9th Cir. 2022) ("[I]f there is no inaccuracy, then the reasonableness of the
16   investigation is not in play."); *see also Carvalho*, 629 F.3d at 890 (concluding that the plaintiff's
17   claims regarding the FCRA's reinvestigation provision fails as a matter of law unless she "has
18   raised a genuine issue as to whether the disputed item was inaccurate"). Because Plaintiff's
19   claims fail as a matter of law, the Court finds that granting leave to amend would be futile.[2]

20          Accordingly, the Court GRANTS Defendants' motion for judgment on the pleadings
21   without leave to amend.
22   ///
23

24   [2]   In his opposition, Plaintiff raises vague arguments about Fedloan accounts. (ECF No. 53
     at 10.) As Defendants correctly point out in reply, Plaintiff removed any allegations regarding
25   Fedloan accounts from the FAC. Plaintiff does not explain why he raises arguments about the
     Fedloans in his opposition, and the Court cannot consider allegations that are not present in the
26   operative complaint. To the extent removing the allegations about Fedloan was an oversight or
     Plaintiff wishes to revive those claims, Plaintiff failed to explain or correct the discrepancy after
27   Defendants noted it in their reply. Accordingly, the Court declines to address Plaintiff's
28   arguments about Fedloan accounts.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion for Judgment on the Pleadings (ECF No. 51) without leave to amend. The Clerk of Court is directed to enter judgment in Defendants' favor and close the case.

IT IS SO ORDERED.

Date: September 28, 2023

Troy L. Nunley
United States District Judge